IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SANTOS RAMOS<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>PLAINTIFF,<br><br>v.<br><br>BACKYARD STEAKHOUSE, INC.<br>13999 Metrotech Drive<br>Chantilly, Virginia 20151<br><br>SERVE: Ted Hussar, Esq.<br>7215 Poplar Street<br>Annandale, Virginia 22003<br><br>And<br><br>FREDDY QREITEM<br>12627 Magic Springs Way<br>Bristow, Virginia 20136<br><br>And<br><br>ROBBIE QREITEM<br>25573 Arthur Place, Unit 4<br>Chantilly, Virginia 20152<br><br>DEFENDANTS. | Case No.: |

## COMPLAINT

Plaintiff Santos Ramos ("Plaintiff"), by and through undersigned counsel, hereby brings this suit for unpaid wages and statutory damages against Defendants Backyard Steakhouse, Inc. d/b/a Backyard Grill ("Backyard Grill") and Freddy Qreitem and Robbie Qreitem, individually ("The Individual Defendants") (together, "Defendants") and for grounds states as follows:

### Parties and Jurisdiction

1. Plaintiff is an adult resident of the Commonwealth of Virginia.

2. Backyard Grill is a corporation formed under the Commonwealth of Virginia.

3. At all times relevant, Backyard Grill has operated a restaurant serving barbeque

style food, beer, wine, and spirituous beverages in Chantilly, Virginia.

4. At all times relevant to this action, the Individual Defendants, were the primary owners and controlling officers of Backyard Grill.

5. At all times relevant, the Individual Defendants had the power to hire and fire Plaintiff.

6. At all times relevant, the Individual Defendants set, monitored, and supervised Plaintiff's work schedule and work hours.

7. The Individual Defendants set and determined Plaintiff's method of compensation.

8. The Individual Defendants directed, supervised, and managed Plaintiff's work duties.

9. The Individual Defendants were in charge of keeping and maintaining all employment records relating to Plaintiff.

10. Plaintiff's claims herein against Defendants, jointly and severally, are made under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

11. At all times relevant to this matter, Defendants had gross annual sales in excess of $500,000.00.

12. At all times relevant to this action, Defendants sold goods (namely food and drinks) that passed across state lines for the purpose of commerce and for sale to the final consumer.

13. By acting as the named plaintiff in this action, Plaintiff does hereby affirm his consent to participate as a plaintiff in a claim seeking relief under the FLSA.

14. Each Defendant qualified as Plaintiff's employer and/or joint employer within the scope and definitions of the FLSA.

15. Pursuant to the preceding, this Court has personal jurisdiction of the Defendants, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## General Allegations

16. Plaintiff was employed at the Backyard Grill in Chantilly, Virginia, as a bar-back for the period of about 2011 through February 2019.

17. During the period of Plaintiff's employment, Defendants paid Plaintiff no wages for the hours Plaintiff worked.

18. During the period of Plaintiff's employment, the only money Plaintiff received for work duties performed at Defendants' Backyard Grill restaurant was by way of tips Plaintiff received from Defendants' customers.

19. At no time during the period of his employ did Defendants act and/or pay Plaintiff in compliance with the FLSA "tip credit" as set forth in 29 U.S.C. 203(m).

20. At no time during Plaintiff's employment did Defendants pay Plaintiff at an hourly rate at least equal to the Federal Minimum Wage, $7.25 per hour.

21. On information and belief, at all times during the period of his employment, Defendants had actual knowledge that employees at Defendants' Backyard Grill restaurant must be paid at least equal to the Federal Minimum Wage, $7.25 per hour.

22. On information and belief, at all times during the period of his employment, Defendants had actual knowledge that Defendants' failure to pay Plaintiff wages at least equal to the Federal Minimum Wage, $7.25 per hour, was in direct violation of law.

23. During the period of his employment, the exact number of hours Plaintiff worked each week varied slightly from week to week.

24. Typically and customarily, Plaintiff worked at or about thirty-six (36) hours per week.

25. At all times, Defendants had knowledge of all hours Plaintiff worked each week and directed Plaintiff to work about thirty-six (36) hours per week.

26. Defendants now owe Plaintiff unpaid FLSA minimum wage compensation in the amount of about Forty Thousand Dollars ($40,000.00).

27. In addition to the unpaid FLSA minimum wage compensation, Plaintiff is entitled under FLSA to liquidated damages in an equal amount (2x unpaid wages), plus a recovery of his attorney's fees and costs.

28. On information and belief, Defendants never sought legal advice or took any active steps to ensure compliance with the FLSA with regard to the legality of its wage payments (or lack thereof) to Plaintiff.

29. Defendants have no defense to avoid mandatory FLSA double (2x) damages or the payment of attorney's fees and costs to Plaintiff.

## CAUSES OF ACTION
### Violation of Federal Fair Labor Standards Act

30. Plaintiff re-alleges each and every allegation set forth above as if each were set forth herein.

31. The FLSA required Defendants to pay Plaintiff wages for all hours worked at an hourly rate at least equal to the Federal Minimum Wage, $7.25 per hour.

32. As set forth above, Defendants failed to pay Plaintiff hourly wages in compliance with the FLSA minimum wage compensation requirement.

33. Defendants' failure to pay Plaintiff wages as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid wages in the amount of Forty Thousand Dollars ($40,000.00) or in such other amount as is proven at trial, liquidated damages as provided by the FLSA, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Dated: March 20, 2019

Respectfully submitted,

_____
Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff*